BEATTY, Justice.
Plaintiff appeals from a summary judgment granted in favor of defendant in a medical malpractice action. We affirm.
On November 17, 1976, plaintiff Melinda Early severely cut her right wrist while attempting to raise a window. After Miss Early was taken to the hospital, she was examined by defendant, Dr. William E. Noblin, III, a plastic surgeon. Dr. Noblin concluded that two of the tendons in Miss Early’s wrist had been severed and that the ulnar nerve had been partially cut. Defendant cleaned the wound and repaired the tendons, but did not attempt to treat the damáged nerve. Dr. Noblin saw Miss Early in his office the next morning and regularly thereafter until June 30, 1977. Although Miss Early was under the impression that defendant was planning to operate again on her wrist soon after the first operation, it appears that Dr. Noblin decided that the risk of further surgery outweighed the potential benefits to be gained thereby. Because plaintiff continued to experience some loss of function in her hand, she went to another surgeon, who operatéd on her wrist with apparently good results; Miss Early now has almost complete restoration of function in her hand.
In her complaint charging Dr. Noblin with medical malpractice, plaintiff alleged *273 that “Defendant failed to give her proper care and negligently treated and cared for the Plaintiff while she was his patient and she was caused to suffer permanent injury to her hand and person . . . Dr. Noblin moved the trial court for summary judgment on the basis of the parties’ depositions and on plaintiff’s answers to defendant’s interrogatories. The motion was also accompanied by the deposition of Dr. James W. Green, who had been consulted by plaintiff approximately one month after her injury. In response, plaintiff submitted the same depositions and filed a photograph of plaintiff’s hand. Plaintiff also attached a physician’s affidavit stating that Bunnell’s Surgery of the Hand was a standard and accepted medical reference book on surgery of the hand. It does not appear that the book itself was before the trial court. After considering all matters on file with the Court and the oral arguments of counsel, the Montgomery Circuit Court granted defendant’s motion for summary judgment. The trial court’s action was correct under prevailing Alabama law.
In this case, there is no evidence in the record that Dr. Noblin failed to adhere to the standard of care mandated by Alabama law; indeed, the expert testimony of Dr. Green affirmatively shows that in Miss Early’s case, defendant did exercise the same degree of care, skill and diligence as hand surgeons in the medical community ordinarily exercise in a like case. Because in his motion for summary judgment defendant effectively negated the essential allegations of plaintiff’s complaint, it was incumbent upon plaintiff in her response to “set forth specific facts showing that there [was] a genuine issue for trial.” See ARCP 56(c). This was not done, and so summary judgment in defendant’s favor was properly granted.
The trial court’s judgment must be affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON, SHORES and EM-BRY, JJ., concur.
MADDOX and JONES, JJ., dissent.